

**BLEAKLEY PLATT**
ATTORNEYS AT LAW

**BLEAKLEY PLATT & SCHMIDT, LLP**
NEW YORK | CONNECTICUT

Susan E. Galvão, Esq.
914.287.6193
sgalvao@bpslaw.com

> **SO ORDERED:**
> The Court will hold a conference on May 1, 2023 at 11:30 a.m. in Courtroom 421 to discuss the issues raised in this letter. Furthermore, Plaintiffs are directed to respond to this letter by April 12, 2023.
>
> _Judith C. McCarthy_    4-5-23
> JUDITH C. McCARTHY
> United States Magistrate Judge

**Via ECF and Email**
Honorable Cathy Seibel, U.S.D.J.
United States District Court
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street
White Plains, New York 10601
chambersnysdseibel@nysd.uscourts.gov

RE: *MÖLNLYCKE HEALTH CARE US, LLC, and BROCK USA, LLC vs. GREENWOOD MARKETING, LLC d/b/a RESTORATIVE MEDICAL*
Case No. 7:22-CV-3719 (CS) (SDNY)

Dear Judge Seibel:

This office represents Defendant Greenwood Marketing, LLC, d/b/a Restorative Medical ("Restorative") in the above-referenced action, pending before this Court. The purpose of this letter is to request a pre-motion conference, as required by Rule 2(A) of the Court's Individual Rules of Practice, relative to Restorative's anticipated motion to compel production of Plaintiff Mölnlycke Health Care US, LLC's ("MHC") patient positioning products that allegedly practice United States Patent No. 9,120,666 ("MHC's Patient Positioners").

**The Court Should Order MHC to Produce Samples of MHC's Patient Positioners Because They Are Relevant to Restorative's Defense Against MHC's Claim for Damages**

On September 14, 2022 Restorative served Defendant's First Request for Production of Documents on MHC ("Requests"). *See* Defendant's First Request for Production of Documents filed herewith as **Exhibit A**. In these Requests, Restorative sought production of:

> "26. Two samples of each of Plaintiffs' products, or licensed third-party products, that allegedly practice or use the subject matter of any claim of the Asserted Patents, including any packaging, manuals, instructions for use, or labels for each such product."

*See* **Exhibit A** at p. 11. On October 14, 2022, MHC served Plaintiffs' Responses to Defendant's First Requests for Documents on Restorative ("Responses"). *See* Plaintiffs' Responses to Defendant's First Requests for Documents on Restorative filed herewith as **Exhibit B**. In its Responses, MHC provided the following in response to Request No. 26:

> "Plaintiffs object to this Request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent it is not limited to the asserted claims of the Asserted Patents. Plaintiffs further object to this request to the extent it seeks samples of products not within control of Plaintiffs. In accordance with these objections, Plaintiffs will not search for documents responsive to this Request."

Hon. Cathy Seibel, U.S.D.J.
Page 2

*See* Exhibit B at p. 17.

      Over the next several months, Magistrate Judge Judith C. McCarthy met with the parties on several occasions in an attempt to facilitate a settlement. As part of these discussions, Restorative invited MHC to conduct an inspection of its manufacturing facilities. During this inspection Restorative also provided MHC with several samples of each product that MHC has accused of infringing the '666 Patent for further inspection. Notably, Brock and Restorative were able to reach a settlement as a result of these efforts. However, MHC and Restorative were not able to reach an agreement.

      Having reached an impasse in settlement discussions with MHC, on January 6, 2023, Restorative sent a letter to MHC regarding deficiencies in MHC's production. *See* Letter of Larry Laycock to Holloway at p. 3, filed herewith as **Exhibit C**. In this letter, Restorative explained the basis of its request for production of samples of the MHC Patient Positioners:

> "[A]ny such products are clearly relevant to this case, at least on the issue of damages and whether Plaintiffs are non-practicing entities. Plaintiffs also object that this Request seeks samples of products not within Plaintiffs' control. Notwithstanding [MHC's] objection . . . Plaintiffs should have sufficient control under the license agreement to obtain a sample of the [licensed third-party] product for production to Defendants. As such, Plaintiffs' refusal to provide samples pursuant to this Request is inappropriate and any such samples must be produced."

      On January 11, 2023 at 3:00 p.m. ET, counsel for Defendant, Adam Beckstrom met and conferred with counsel for Plaintiff, including Emma Lee, by telephone regarding the deficiencies in MHC's production. During this thirty-minute meet and confer, Mr. Beckstrom asked whether MHC was standing by its objections with respect to Request No. 26 and Ms. Lee responded that she believed so, but that she would check with her client and get back to Mr. Beckstrom. Mr. Beckstrom indicated that if MHC refused to produce the MHC Patient Positioners that Restorative would be left with no choice but to move to compel production.

      On January 20, 2023, Ms. Lee sent Mr. Beckstrom an email indicating that MHC was standing by its objections and would not be producing samples of MHC's Patient Positioners:

> "For Request No. 26, we maintain our position that samples of MHC's products that practice the asserted patents are irrelevant to any claim or defense in this case. Any information needed about the products will be discernable from documents MHC plans to produce in response to other requests (e.g., Request No. 25). Therefore, MHC will not produce such samples of MHC and licensed third-parties' products."

*See* Email from Lee to Beckstrom filed herewith as **Exhibit D**. On January 27, 2023, at 6:30 p.m. ET, the parties again met and conferred to discuss some ESI Discovery related issues and a potential motion to amend the scheduling order in this case. During this call, Mr. Beckstrom noted MHC's intent to stand by its objections to Request No. 26. Mr. Beckstrom again explained the relevance of this request and Restorative's need for inspection of the MHC Patient

Hon. Cathy Seibel, U.S.D.J.
Page 3

Positioners to determine whether the MHC Patient Positioners actually practice the '666 Patent. Mr. Beckstrom explained that absent an agreement to produce, Restorative would file a motion to compel production of the MHC Patient Positioners. Ms. Lee indicated that she understood Restorative's position and reiterated MHC's intent to stand by its objections.

The Court should order MHC to produce samples of the MHC Patient Positioners because they are relevant to Restorative's defense that MHC is not be entitled to lost profits. In its Complaint, MHC seeks damages under 35 U.S.C. §284 adequate to compensate MHC for Restorative's alleged infringement of the '666 Patent. *See* Complaint, Dkt. No. 1 at 15. Under 35 U.S.C. § 284, plaintiffs can seek either lost profits damages, or a reasonable royalty. To obtain lost profits a patent owner must prove, *inter alia*, demand for the patented product. *See Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978). In the virtual marking page of its website, MHC claims that its Z-flo positioners practice the '666 Patent. *See* https://www.molnlycke.us/product-support/virtual-patent-marking/.

If MHC attempts to use sales of the MHC Patient Positioners as evidence of demand for the patented product to support its claim for lost profits, Restorative should be entitled to inspect samples of the MHC Patient Positioners to demonstrate that the MHC Patient Positioners do not practice the '666 Patent. Similarly, to the extent MHC relies on sales of any licensed third-party product as evidence of demand for the patented product, MHC should also be entitled to samples of the licensed third-party product in discovery. Notwithstanding MHC's objection that licensed third-party products are not within MHC's control, to the extent MHC's patent license agreements provide MHC with a right to obtain samples of the licensed third-party products, the licensed third-party products are within MHC's control and should also be produced by MHC.

It is respectfully requested that MHC be ordered to produce each of Plaintiffs' products, or licensed third-party products, that allegedly practice or use the subject matter of any claim of the Asserted Patents, in response to Request for Production of Documents No. 26. Restorative seeks a pre-motion conference and will file a motion to compel this production in the event this dispute cannot be resolved at such a conference.

The parties are set to appear today before the Court for a pre-motion conference to discuss Restorative's intent to file a motion to amend its answer and counterclaims. As MHC has not had an opportunity to respond to this letter, Restorative does not expect the Court to address the issues in this letter during the scheduled conference. Nevertheless, we will make ourselves available at the Court's convenience to participate in an in-person or virtual pre-motion conference and/or to provide any additional information that the Court may require. We appreciate the Court's time and attention and will await further instructions.

Respectfully submitted,

*Susan E. Galvão*

SUSAN E. GALVÃO

Encl.
cc:    All Counsel, via ECF