UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MÖLNLYCKE HEALTH CARE US, LLC, AND
BROCK USA, LCC,

                    Plaintiff,

      -against-

GREENWOOD MARKETING, LLC d/b/a
RESTORATIVE MEDICAL or SPRY
THERAPEUTICS,

                    Defendant.
-------------------------------------------------------------X

**ORDER**

22 Civ. 3719 (CS) (JCM)

      The parties raised five discrete discovery disputes requiring the Court's intervention, specifically, whether: (1) Plaintiff is entitled to discovery on Defendant's Flo-Lock Positioner product to determine whether it falls within the definition of Accused Products, as pleaded in the Complaint; (2) Defendant should be compelled to answer Plaintiff's Special Interrogatories Nos. 1, 2, 6, 9, 10 and 12; (3) Defendant should be required to submit its electronic devices to Plaintiff for forensic imaging and inspection pursuant to Fed. R. Civ. P. 34; (4) Defendant is entitled to discovery on its counterclaims; and (5) Plaintiff should be ordered to reconsider its designation of documents produced in discovery as Attorneys' Eyes Only. (Docket Nos. 101, 106, 109, 110, 111, 112). At an in-person conference on October 16, 2023 ("Conference"), the Court heard oral argument on these disputes, and made the following rulings on the record:

1. By October 23, 2023, Defendant shall provide Plaintiff with an ingredient list for the Flo-Lock Positioner and a sample of the product.

2. By October 30, 2023, Defendant shall: (i) identify the Bates Stamped numbers for documents responsive to Special Interrogatory No. 2; and (ii) explain how the Flow-

Form Positioner changed after January 21, 2021, in response to Special Interrogatory No. 6.

3. Plaintiff's motion to compel a response to Special Interrogatory Nos. 9 and 10 is denied.

4. Plaintiff's motion to compel a response to Special Interrogatory No. 12 is denied as moot, since Plaintiff withdrew its motion to compel at the Conference.

5. Plaintiff's motion to compel a forensic examination and inspection of Defendant's electronic devices (Docket Nos. 109, 110) is denied without prejudice to renew if necessary after Plaintiff takes the relevant deposition(s).

6. Defendant's motion to compel ESI discovery on its counterclaims (Docket No. 111) is granted. The parties shall meet-and-confer by October 20, 2023 to identify relevant custodians and search terms.

7. Defendant's motion to compel Plaintiff to reconsider its Attorneys' Eyes Only designation on documents is denied as not ripe for review. The parties are directed to comply with their Protective Order (Docket No. 58) if seeking the redesignation of documents.

The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 106).

Dated:   October 17, 2023
         White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge