UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MOLNLYCKE HEALTH CARE US, LLC

                Plaintiff,

    - against -                                    **ORDER**

GREENWOOD MARKETING, LLC, d/b/a          No. 22-CV-3719 (CS) (JCM)
RESTORATIVE MEDICAL OR SPRY
THERAPEUTICS,

                Defendant.
-----------------------------------------------------------------------x

Seibel, J.

        Before the Court are Plaintiff's objections, (ECF No. 155 ("Obj.")), to Magistrate Judge Judith C. McCarthy's February 23, 2024 oral order, (*see* ECF No. 155-1 ("Tr.") at 100-04),[1] denying Plaintiff's motion for inspection of electronic devices pursuant to Federal Rule of Civil Procedure 34(a). Familiarity with the proceedings before the Magistrate Judge is presumed.

        Federal Rule of Civil Procedure 72(a) provides that a district court must "modify or set aside any part of [a magistrate judge's] order [on a nondispositive matter] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). Discovery matters are such nondispositive matters. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A ruling is "contrary to law" if the magistrate judge

---

[1] Citations to the transcript use the page numbers generated by the Court's Electronic Case Filing system.

1

"failed to apply or misapplied relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (cleaned up). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up). This "highly deferential" standard "imposes a heavy burden on the objecting party." *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018). "A party may not assign as error a defect in the order [of the Magistrate Judge] not timely objected to." Fed. R. Civ. P. 72(a)

Plaintiff does not dispute that Judge McCarthy articulated the correct standard – that forensic examination of electronic devices is generally appropriate only where there are discrepancies or inconsistencies in documents produced, or reason to believe a party has tampered with or concealed relevant evidence, (*see* Tr. 100-01) – but contends that it showed such discrepancies and inconsistencies, (Obj. at 9). Judge McCarthy acknowledged Plaintiff's argument that the metadata of certain documents produced by Defendant showed inconsistencies and suggested that the documents might have been edited, (Tr. 101-02), but she was not convinced that Plaintiff had met its burden of showing that the "drastic" relief it sought was justified, (Tr. 100 (quoting *Wepower Techs., LLC v. Deak*, No. 22-CV-3364, 2023 WL 4492138, at *1 (S.D.N.Y. June 7, 2023)), particularly in light of the "highly intrusive nature of the examination sought – by one competitor on another competitor's electronic devices in a patent infringement case," (Tr. 103). She relied on evidence – including a declaration of Defendant's principal, the deposition testimony of the employee of Defendant who created the documents, and an expert declaration – that Plaintiff was misreading the metadata, that the native files contained all the information Plaintiff sought, and that further forensic examination would not

2

produce any other versions.  (*See* Tr. 102-03.)  The conclusion of the Magistrate Judge – who "is well acquainted with the entire course of discovery in this case," *Ehret v. New York City Dep't of Soc. Servs.*, 102 F.R.D. 90, 92 (E.D.N.Y. 1984) – was not clearly erroneous or an abuse of discretion, given the record evidence that provided innocent explanations for the data Plaintiff found suspicious and showed that the examination would not be fruitful, and in light of the intrusiveness of the requested examination.

      To the extent Plaintiff contends that Judge McCarthy should have allowed it to respond to Plaintiff's expert declaration, Plaintiff did not request such relief and it was never denied. Accordingly, it is unpreserved for review, as arguments not raised before the Magistrate Judge are waived.  *Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11-CV-6746, 2015 WL 3404111, at *6 (S.D.N.Y. May 27, 2015); *see Grand River Enters. Six Nations, Ltd. v. King*, No. 02-CV-5068, 2009 WL 1360686, at *3 (S.D.N.Y. May 15, 2009) (party's failure to "present timely arguments" to magistrate judge deprives magistrate judge of "opportunity to rectify any alleged errors" and waives party's right to present those arguments to district court on appeal from magistrate judge's nondispositive order) (cleaned up); *Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) (issues not raised before and therefore not addressed by magistrate judge may not properly be deemed "objections" to magistrate judge's ruling).

For the reasons stated above, Plaintiff's objections are overruled and Magistrate Judge McCarthy's February 23, 2024 decision is AFFIRMED.

**SO ORDERED.**

Dated: May 7, 2024
       White Plains, New York

                                                           _____
                                                           CATHY SEIBEL, U.S.D.J.